IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Justin Silverman, | ) | Civil Action No.  2:16-cv-3686-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| National Board of Medical Examiners, | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff complains and alleges that:

1)    Plaintiff is a citizen and resident of Charleston County, South Carolina.

2)    Upon information and belief, Defendant National Board of Medical Examiners

("NBME") is a private, non-profit organization. Its offices and principal place of business are

located in Philadelphia, Pennsylvania. Defendant NBME does business throughout the world,

and, more particularly, does business in Charleston County, South Carolina.

3)    Together with the Federation of State Medical Boards, NBME sponsors the

United States Medical Licensing Examination ("USMLE"), an examination related to licensing

for professional purposes. NBME administers the USMLE. Thus, NBME is subject to the

requirements of Section 309 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

§ 12189, and the implementing regulations, 28 C.F.R. § 36.309.

4)    The USMLE is a standardized examination used to evaluate applicants'

competence for purposes of medical licensure in the U.S. and its territories. The USMLE is

designed to assess a physician's ability to apply knowledge, concepts, and principles, and to

demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective

patient care. The USMLE is administered at locations around the world to individuals who are attending, or have attended, medical schools in the United States and abroad. State medical boards rely upon successful completion of the three USMLE component exams, or "Steps," as an important element in the process for licensing physicians.

5)    Plaintiff is attending the Medical University of South Carolina ("MUSC") in order to become a physician, and he is required to take Step I of the USMLE component exams in order to proceed with his medical education.

6)    Plaintiff's medical education at MUSC is monitored by a "Progress Committee" which determines whether or not the Plaintiff has made sufficient progress as a medical student to continue his medical school education.

7)    The Progress Committee which is monitoring Plaintiff's medical education is requiring the Plaintiff to complete Step I of the USMLE component exams by the end of calendar year 2016 as a critical component of his progress.

8)    Plaintiff has been diagnosed with a developmental reading disorder, (learning disorder) DSM/ICD[1] (315.00), attention deficit hyper-activity disorder, combined type  (ADHD) DSM/ICD (314.01), mathematics disorder DSM/ICD (315.10);  Anxiety Disorder NOS (300.00). These conditions are "disabilities" under the ADA.

9)    Pursuant to Title III of the ADA, private entities that administer examinations related to professional licensing must offer the examinations in a place and manner accessible to persons with disabilities. 42 U.S.C. §12189 and 28 C.F.R. § 36.309.

---

[11]DSM [Diagnostic Statistical Manual of Mental Disorders, American Psychiatric Association]/ ICD [International Statistical Characteristics of Diseases and Related Health Problems, World Health Organization.

10)     Pursuant to 28 C.F.R. § 36.309, private entities that administer such examinations are required to provide reasonable modifications to the examination and appropriate auxiliary aids and services (i.e., testing accommodations) for persons with disabilities. The purpose of testing accommodations is to ensure, in a reasonable manner, that the "examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual or speaking skills (except where those skills are the factors that the examination purports to measure)." 28 C.F.R. § 36.309(b)(1)(i). "Required modifications to an examination may include changes in the length of time permitted for completion of the examination." 28 C.F.R. § 36.309(b)(2).

11)     Beginning with his initial application dated March 7, 2016, Plaintiff sought reasonable accommodation for his disabilities from the NBME.

12)     Plaintiff has been provided reasonable accommodations for his disabilities for the majority of his time in attendance at MUSC and throughout the entirety of his attendance of undergraduate school.  The accommodations provided have consisted of extension of timed test periods by one half their length, and reduced distraction test environments.

13)     *Inter alia,* in support of his request for reasonable accommodation for his disabilities from the NBME, Plaintiff submitted the following documentation:

    a)     comprehensive neuropsychologist from a clinical neuropsychologist and licensed psychologist conducted on 12/26/2005 and 1/13/2006;

    b)     testing report from a licensed clinical psychologist who serves as the MUSC Director, Counseling and Psychological Services;

3

c)    certifications of prior test accommodations from MUSC and

Skidmore College, the undergraduate school from which Plaintiff graduated;

d)    completed request for accommodation form furnished by NBME

with all requested attachments, including Plaintiff's personal statement describing

his disability and its impact on his daily life;

e)    letter from the M.D., Ph. D, MUSC Associate Dean for Student

Affairs supporting Plaintiff's request for reasonable accommodation.

14)    The documentation submitted by Plaintiff to NBME is filed herewith under seal

as Exhibit One[2].  It establishes conclusively that Plaintiff suffers from the identified disabilities

requiring  reasonable  accommodation in the form of an extended time for the taking of Step I of

the USMLE component exams as well as  testing in a distraction reduced location;

15)    Despite the documentation submitted by the Plaintiff, the NBME unduly delayed

its consideration of Plaintiff's request for accommodation and failed to accede to Plaintiff's

repeated requests for an NBME decision;

16)    Given the inexplicable delay in processing his application, Plaintiff retained

counsel who on August 29, 2016, telephoned the office of the general counsel for the NBME to

inquire as to the reason for delay.  Shortly thereafter, the Plaintiff received a denial of his request

for accommodation dated August 30, 2016.   A copy of this denial is attached as Exhibit Two

and incorporated herein by reference.

17)    The NBME August 30, 2016, denial is based upon erroneous interpretations of the

relevant law and  underlying fact.  By letter dated September 30, 2016, counsel for the Plaintiff

---

[2] The ECF system requires a motion to file under seal.  This Exhibit is being filed with such a motion immediately after this Complaint has been filed, and the Summons has issued.   The Exhibit will be provided to the Defendant when the Summons and Complaint are served.

explicated these errors, provided additional legal and factual support for Plaintiff's request, sought reconsideration of the NBME denial, and documented the irreparable injury that would likely occur if the NBME denial was not quickly reversed . A copy of this letter is attached as Exhibit Three and incorporated herein by reference. The Plaintiff's pre-college school records were enclosed with this letter and are being filed under seal.[3]

18)      After receiving no response to the afore-referenced letter of September 30, 2016, counsel for the Plaintiff, by letter dated November 11, 2016, again advised the NBME of the irreparable injury that the Plaintiff faced if the denial was not immediately reversed. Counsel advised the NBME that a failure to provide a satisfactory response by November 18, 2016, would require the Plaintiff to take legal action. A copy of this letter is attached as Exhibit Four and incorporated herein by reference.

19)      By email dated November 14, 2016, the NBME refused to overturn its denial of the Plaintiff's request for reasonable accommodation. The NBME has provided no additional rationale for its decision beyond the erroneous justifications for its original denial. A copy of this letter is attached as Exhibit Five.

20)      The Defendant NBME has not subjected the Plaintiff to any medical or other relevant examination, and has produced no documentation as a basis for its decision other than the documentation which has been provided by the Plaintiff. The Defendant NBME has not obtained, or purported to rely upon, the opinion of any qualified expert in support of its denial decision.  In summary, the Defendant NBME offers the following reasons for its decision:  1) the Plaintiff did not request formal accommodation before he reached college, and this is inconsistent with the usual developmental history of his disabilities;  2)  the Plaintiff performed

---

[3] Defendant is following the procedure explained at footnote 2.

5

better than average on his college SAT examination, and some other tests without accommodations, *ergo,* he is not in need of accommodations.  However, it is uncontroverted that the Plaintiff attended a small private school before college, and that he received informal accommodation including, *inter alia*, additional time for examinations.  Also, the duty to reasonably accommodate is not limited to persons with disabilities who cannot pass tests. Rather, the Defendant has a duty to offer reasonable accommodation to any person who has a disability which interferes with the process of test taking.

20)    The Defendant NBME has a history of denying reasonable accommodations to medical students with disabilities, particularly medical students with reading disabilities, and the NBME has been the subject of a complaint which resulted in a settlement agreement with the United States Department of Justice.  This agreement was intended to eliminate unlawful discrimination by the NBME against medical students in the USMLE component exams.  This settlement agreement is attached hereto as Exhibit Six and incorporated herein by reference.

21)    By not allowing the Plaintiff to take the Step I USMLE with reasonable accommodation, the Defendant NBME is in violation of the ADA and causing unlawful injury to the Plaintiff in that the NBME's unlawful acts threaten the Plaintiff with dismissal from MUSC medical school, and the permanent end of his opportunity to obtain a medical school education, because the Defendant will not provide the Plaintiff with the reasonable accommodations of extension of timed test periods by one half their length, and reduced distraction test environment for his taking of Step I USMLE before December 31, 2016.  Plaintiff has a legal entitlement under the ADA to take Step I USMLE with the reasonable accommodations of extension of timed test periods by one half their length, and reduced distraction test environment, and the public interest would be served by his being provided these accommodations.

22)    The Defendant NBME would suffer no harm from providing reasonable accommodation to the Plaintiff and allowing him to take Step I USMLE before December 31, 2016.

FOR A FIRST CAUSE OF ACTION

Section III of the ADA

23)    The Plaintiff incorporates all preceding and subsequent paragraphs of this Complaint.

24)    Subject Matter Jurisdiction and Venue**:** This action arises under the laws of the United States, specifically the ADA, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(l), which incorporates the provisions of 42 U.S.C.§ 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

25)    The Plaintiff has been denied reasonable accommodation for his disability by the Defendant, and the Plaintiff is entitled to injunctive and declaratory relief to include:  a)  a declaratory judgment that the Defendant has violated the ADA because the Defendant has not provided the Plaintiff with the reasonable accommodations of extension of timed test periods by one half their length, and reduced distraction test environment , for his taking of Step I USMLE; and   2)  temporary, preliminary, and permanent injunctions enjoining the Defendant from its continued violation of the ADA and from failing to provide the Plaintiff with the reasonable accommodations of extension of timed test periods by one half their length, and reduced distraction test environment, so that he might take the Step I USMLE prior to December 31, 2016.

26)     42 U.S.C. §12188(a) (1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. §2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Plaintiff is entitled to recovery and, hereby, does request recovery of all reasonable attorneys' fees, costs, and expenses incurred in the bringing and prosecution of this action.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that this Court:

a.     exercise jurisdiction over the parties and subject matter of this action;

b.     enter its declaratory judgment that the Defendant has violated its obligations to the Plaintiff under the ADA as set out above;

c.     enter temporary, preliminary, and permanent injunctions which enjoin the Defendant from its continued violation of the ADA, and from failing to provide the Plaintiff with the reasonable accommodations of extension of timed test periods by one half their length, and reduced distraction test environment, so that he might take the Step I USMLE prior to December 31, 2016.

d.     award Plaintiff all reasonable attorneys' fees, costs, and expenses incurred in the bringing and prosecution of this action.

e.     grant such other and further relief as is deemed just and proper.

8

GIBBS & HOLMES


S/: Allan R. Holmes
Allan R. Holmes (Fed. ID. 1925)
Cheryl H. Ledbetter (Fed. ID. 11446)
Timothy O. Lewis (Fed. ID 9864)
171 Church Street, Ste. 110
Charleston, SC 29402
Phone:  (843) 722-0033
Facsimile: (843) 722-0114
aholmes@gibbs-holmes.com

ATTORNEYS FOR DEFENDANT

November 18, 2016