IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **JUSTIN SILVERMAN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NATIONAL BOARD OF MEDICAL** )<br>**EXAMINERS,** )<br>)<br>**Defendant.** )<br>) | **Case No. 2:16-cv-3686-RMG** |

### MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION

Defendant National Board of Medical Examiners ("NBME") respectfully submits this brief in support of its motion to dismiss plaintiff's Complaint for lack of personal jurisdiction. NBME is a non-profit entity located in Pennsylvania. NBME administers the United States Medical Licensing Examination ("USMLE"), an examination that jurisdictions across the United States rely upon as part of their process for licensing physicians. Plaintiff Justin Silverman is enrolled in medical school in South Carolina. His claim against NBME relates to a USMLE exam that he registered to take in August 2016.

NBME is not incorporated or located in South Carolina and does not otherwise have a sufficient presence here to be viewed as "essentially at home" in this jurisdiction. The Court therefore lacks general jurisdiction over NBME under the South Carolina long-arm statute. Likewise, because Mr. Silverman's claim against NBME relates to actions taken by NBME in Pennsylvania, with respect to an exam that Mr. Silverman planned to take in Georgia, specific jurisdiction over NBME is also lacking. His Complaint should therefore be dismissed.

27741923.1

## **NATURE OF THE CASE**

Mr. Silverman filed this lawsuit because he wants to obtain 50% more testing time on his USMLE Step 1 exam than other examinees receive as part of the standard exam administration. He claims that NBME violated the Americans with Disabilities Act ("ADA") by denying his request for testing accommodations. NBME denies that any such violation occurred.

Mr. Silverman has performed extremely well on other highly competitive standardized tests that he has taken without needing or receiving any testing accommodations, including the Medical College Admission Test (MCAT) and the SAT exam. Nevertheless, he asserts that he needs extra testing time on the Step 1 exam because he has learning disorders and an Attention Deficit-Hyperactivity Disorder (ADHD) that substantially limit his ability to read as compared to most people in the general population, thereby entitling him to testing accommodations under the ADA. He is seeking mandatory preliminary injunctive relief that would enable him to take the Step 1 exam with 50% additional testing time before the end of December 2016.

As set forth in NBME's opposition to Mr. Silverman's preliminary injunction motion, NBME denies that Mr. Silverman is entitled to any accommodations on Step 1 of the USMLE. Reading disorders and ADHD are lifelong impairments with childhood onset. Mr. Silverman, however, has presented no objective evidence that he had any significant difficulties with reading or learning during his formative years. There also is no credible objective evidence that Mr. Silverman has any substantial functional impairments due to his diagnosed conditions. Because he is not substantially limited in any major life activity, he does not need extra testing time in order to access the USMLE Step 1 exam.

This brief addresses whether Mr. Silverman has sued NBME in the wrong court. For the reasons that follow, the answer is yes. General jurisdiction is lacking in light of the U.S. Supreme Court's decision in *Daimler v. AG Bauman*, 134 S. Ct. 746, 761-62 (2014). Likewise, it would be constitutionally unreasonable to exercise specific jurisdiction over NBME because the actions that Mr. Silverman challenges all took place in Pennsylvania, the USMLE exam that Mr. Silverman wanted to take with accommodations would have been administered in Georgia, and NBME's contacts with South Carolina are not sufficient to require NBME to defend Mr. Silverman's claims in this forum.

## BACKGROUND

NBME is a non-profit organization incorporated in Washington, D.C. with its principal place of business in Philadelphia, Pennsylvania. *See* Decl. of Gerard F. Dillon ("Dillon Decl.") ¶¶ 2-3. In conjunction with the Federation of State Medical Boards, NBME sponsors the USMLE exam program. *See id.* ¶ 4. Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians. *See id.* The USMLE is administered in locations across the United States. *See id.* ¶ 6. NBME does not itself administer the examination; rather, a third-party vendor operates the sites at which examinees test. *See id.* The third-party vendor, Prometric, Inc., is based in Baltimore, Maryland. *See id.*

The USMLE Step 1 exam is a standardized test. *See id.* ¶ 8. With limited exceptions, all examinees take the Step 1 exam under the same testing conditions, including standard testing time. The primary exception is for disabled individuals who need reasonable accommodations. *See id.* ¶ 9. If a candidate wishes to request disability-based testing accommodations on the USMLE, he submits an application to NBME at its offices in Pennsylvania. *See id.* ¶ 10. For

some requests, NBME consults with independent experts located in various parts of the country. *See id.* ¶ 11. The two external experts who reviewed Mr. Silverman's request for accommodations live and work in New York and Illinois, respectively. *See id.* ¶ 14. All final decisions on accommodation requests are made by NBME from its offices in Pennsylvania. *See id.* ¶ 12. Decision letters are sent to candidates via email and, if requested, to the candidate at the address he or she has provided to NBME for receipt of correspondence. *See id.*

NBME neither owns nor leases any property in South Carolina. *See id.* ¶ 3. It has no employees here, and maintains no bank accounts here. *See id.*

Mr. Silverman alleges that he is a resident of Charleston County, South Carolina. Complaint ¶ 1. When he requested testing accommodations on Step 1 of the USMLE, he submitted an application to NBME that was reviewed at NBME's Pennsylvania office. *See* Dillon Decl. ¶ 14. NBME emailed its decision regarding Mr. Silverman's accommodation request to the email address he provided. *See id.* Mr. Silverman sought reconsideration of this decision. NBME communicated its decision on the reconsideration request to Mr. Silverman by email and also mailed a copy of the decision letter to Mr. Silverman at the address in Charleston, South Carolina he provided to NBME and to his attorney. *See id.*

Mr. Silverman has not taken any USMLE examination in South Carolina. Nor has he ever registered to take the USMLE in South Carolina. He has completed only one registration to take the Step 1 exam, and he registered to test in Savannah, Georgia. *See id.* ¶¶ 15-18 and Ex. A.

## ARGUMENT

### I. STANDARD OF REVIEW

Mr. Silverman bears the burden of demonstrating personal jurisdiction. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citation omitted). Where, as here, a motion to

dismiss is based on the parties' motion papers, supporting materials, and the allegations in the complaint, the plaintiff must make a prima facie showing of personal jurisdiction to survive the motion to dismiss. *See id.* at 268 (citation omitted). The Court must review the allegations and available evidence in the light most favorable to Mr. Silverman. *See id.* (citation omitted).

## II.  THIS COURT LACKS PERSONAL JURISDICTION OVER NBME

"[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-01300, 2016 U.S. Dist. LEXIS 158389, at *13-14 (D.S.C. Nov. 16, 2016) (citation omitted). South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, has been interpreted to reach to the limits of the Due Process Clause. *See id.* at *15. "Therefore, the appropriate question for the court in considering a personal jurisdiction defense raised by an out-of-state defendant is whether that defendant has 'minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (citations omitted). This standard can be met by establishing either "'specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction.'" *E.E. v. Eagle's Nest Found.*, No. 8:15-cv-2296, __ F. Supp.3d ___, 2016 U.S. Dist. LEXIS 99195, at *5 (D.S.C. July 29, 2016) (citations omitted).

### A.  There is No Basis for Exercising General Jurisdiction Over NBME

"A court can assert general jurisdiction over business entities only when the 'continuous corporate operation within a state is thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* at

*5 (citations omitted).  General jurisdiction exists only where a corporation is "essentially at home."  *Daimler AG v. Bauman*, 134 S. Ct. 746, 761-62 (2014).  Two "paradigm" locations will meet this requirement – a corporation's place of incorporation and its principal place of business.  *Id.* at 759-62.  "'Only in an 'exceptional case' might a 'corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation at home in that State.'"  *Companion Property*, 2016 U.S. Dist. LEXIS 158389, at *20 (citing *Daimler*).

There is no basis for the Court to exercise general jurisdiction over NBME in light of the due process constraints articulated in *Daimler*.  Neither of the two "paradigm bases" for general jurisdiction is present, and there are no exceptional facts that would otherwise support a finding that NBME is "essentially at home" in this forum.

As noted above, NBME is incorporated and headquartered in Pennsylvania, not South Carolina.  It has no offices and no employees in South Carolina, does not own any bank accounts here, and does not lease or own any property here.  The USMLE Step exams are administered in locations in all 50 states, including South Carolina, in testing centers that are owned or overseen by NBME's third-party test administrator, not by NBME.

These facts fall well short of warranting an exercise of general jurisdiction over NBME. *See Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs,* 2015 U.S. Dist. LEXIS 173038, *13-17 (E.D. Tex. Dec. 30, 2015) (court lacked general jurisdiction over a testing entity that operated a national testing program, where the entity was located and incorporated outside of Texas:  "[T]he administration of NBOME examinations in Texas (as well as in all 50 states) does not constitute the requisite 'substantial, continuous, and systematic contacts' necessary for a finding of general jurisdiction.'").

### B.     There is No Basis for Exercising Specific Jurisdiction Over NBME

The Fourth Circuit applies a three-part test when evaluating whether a court may exercise specific jurisdiction over a defendant:  (1) to what extent has the defendant purposely availed itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws; (2) do the plaintiff's claims arise out of those forum-related activities; and (3) is the exercise of jurisdiction is "constitutionally reasonable."  *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 216 (4th Cir. 2001).  Here, the claims asserted by Mr. Silverman do not arise out of any forum-related activities on the part of NBME, and it would not be constitutionally reasonable to subject NBME to the Court's jurisdiction.

NBME activities related to this lawsuit occurred entirely outside of South Carolina.  NBME reviewed Mr. Silverman's accommodation request and made its decision regarding that request in Pennsylvania.  The test on which accommodations were requested would have been administered in Georgia, if Mr. Silverman had taken the test for which he registered.  And the external experts who reviewed the documentation that Mr. Silverman submitted in support of his request for accommodations did so outside of South Carolina.

Mr. Silverman may argue that NBME's decision is affecting his studies at the Medical University of South Carolina.  However, "[a] defendant's knowledge that a plaintiff has 'strong forum connections' and that the plaintiff will suffer harm in the forum does not satisfy the minimum contacts test, as it 'impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis,' rather than contacts created by the defendant."  *Companion Property*, 2016 U.S. Dist. LEXIS 158389, at *30-31 (citations omitted).

The facts of this case are similar to *E.E. v. Eagle's Nest Foundation*, __ F. Supp. 3d __, 2016 U.S. Dist. LEXIS 99195 (D.S.C. July 29, 2016).  In that case, the plaintiff was a resident of South Carolina, and the defendant was a North Carolina non-profit educational organization.  Defendant ran a camp in North Carolina.  The plaintiff attended the camp and was given an offer to serve as a counselor the following summer in North Carolina.  His offer was subsequently rescinded because of concerns over plaintiff's mental health.  Defendant imposed restrictions on plaintiff's communications with the camp and required him to sign an invasive care plan if he wanted to return to the camp.  Plaintiff claimed these actions were discriminatory and caused him to suffer emotional distress, in violation of the Americans with Disabilities Act.  *See id.* at *1-3.  The court concluded, however, that it could not exercise general or specific jurisdiction over the defendant.  *Id.* at *21.

Plaintiff argued in *Eagle's Nest* that specific jurisdiction existed because, *inter alia*, he formed a contract with the defendant when he applied to be a camp counselor, defendant offered him the position via letter sent to his home in South Carolina, and he signed the offer letter and mailed a check to defendant from South Carolina.  *See id.* at *15-16.  The letter revoking his participation was mailed to his parents in South Carolina.  In addressing the significance of these facts, the court stated as follows:

> Here, the 'offer letter' was delivered to South Carolina, which Plaintiff signed and mailed back to Defendant, along with payment for the position.  Thus, the Court agrees with Plaintiff that 'part of the contract was formed in South Carolina.' However, the acts contemplated by the alleged contract, i.e., Plaintiff's participation as a Junior Counselor, were to have been performed in North Carolina.  In addition, Plaintiff initiated the contact with Defendant as to this matter by first applying to be a Junior Counselor.  Also, the parties' communications as to Plaintiff's application and the subsequent contract were not extensive.  Further, the actions of Defendant giving rise to Plaintiff's claim occurred in North Carolina; specifically, Defendant's decision that Plaintiff could no longer be a Junior Counselor.

*Id.* at *16-17.  The court declined to exercise specific jurisdiction.

A similar result is warranted here.  Mr. Silverman initiated the contact with NBME by registering for the examination and requesting testing accommodations.  NBME had only limited communications with Mr. Silverman, some of which may have occurred while he was located in South Carolina, and those communications do not provide the basis for his claims in this lawsuit.  His claims are based upon NBME's handling and denial of his request for testing accommodations.  Those activities took place entirely in Pennsylvania, not in South Carolina.  And Mr. Silverman registered to take the test in Georgia.  Thus, there is not a sufficient connection between NBME and the issues in this lawsuit to support an exercise of specific jurisdiction.  *See, e.g., Diamond Healthcare of Ohio v. Humility of Mary Health Partners*, 229 F.3d 448, 451-52 (4th Cir. 2000) (holding that defendant had insufficient contacts with the forum to be subjected to the district court's personal jurisdiction, where the plaintiff initiated contact with the out-of-state defendant and the bulk of the contract was to be performed out of state).

For similar reasons, it would not be constitutionally reasonable to exercise personal jurisdiction over NBME in South Carolina under these facts.  *See E.E. v. Eagle's Nest*, 2016 U.S. Dist. LEXIS 99195, at *20.  "Because the scope of South Carolina's long-arm statute is coextensive with the Due Process Clause," the Court can "proceed directly to the constitutional analysis."  *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012).  "For a State to exercise jurisdiction consistent with due process, the ***defendant's*** suit-related conduct must create a substantial connection with the forum State."  *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (emphasis added).  The relationship between the defendant and the State "must arise out of contacts that the 'defendant *himself*' creates with the forum State.  *Id.* at 1122.  In other words, "however significant the plaintiff's contacts with the forum may be, those contacts cannot be

'decisive in determining whether the defendant's due process rights are violated.'" *Id.* (citation omitted). Further, the relevant focus is "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.*

As discussed above, NBME does not have a "systematic and continuous presence" in South Carolina. Mr. Silverman's complaint with NBME arises from decisions made by NBME in Pennsylvania, not South Carolina. NBME's "suit-related conduct" thus did not create a "substantial connection with the forum State," and it would be constitutionally unreasonable to exercise specific personal jurisdiction over NBME in South Carolina.

## CONCLUSION

For the foregoing reasons, Mr. Silverman's complaint should be dismissed for lack of subject matter jurisdiction and improper venue.

Dated:  December 8, 2016                                    Respectfully submitted,


/s/ SUE ERWIN HARPER
Sue Erwin Harper
Fed. ID No. 737
**Nelson Mullins Riley & Scarborough LLP**
Liberty Center, Suite 600
151 Meeting Street
Charleston, SC 29401
Tel: 843.534.5200
Fax: 843.534.8700
corky.harper@nelsonmullins.com

Counsel for Defendant NBME