IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Justin Silverman, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 2:16-cv-03686-RMG |
| National Board of Medical Examiners, | ) ) ) |
| Defendant. | ) ) ) |

**DECLARATION OF CATHERINE FARMER, PSY.D.**

1. My name is Catherine Farmer. I am over eighteen (18) years of age and, unless indicated otherwise, I have personal knowledge of the facts stated below.

2. I am employed by the National Board of Medical Examiners (NBME) as Director of Disability Services. I am also the ADA Compliance Officer, Testing Programs. I hold a Doctor of Psychology degree.

3. The NBME is a not-for-profit organization that provides assessment services for the health professions. Its mission is to help protect the public through state-of-the-art assessment of the knowledge and skills of health professionals.

4. Together with the Federation of State Medical Boards, the NBME sponsors the USMLE, which is a standardized examination used to evaluate applicants' competence for medical licensure in the United States and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

5. Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians.

6. In order to protect the integrity and meaning of test scores, the USMLE is administered under standard conditions, and NBME has policies and procedures in place that are intended to ensure that no examinee or group of examinees receives unfair advantage on the examination.

7. With limited exceptions, all examinees take the USMLE Step examinations under the same testing conditions, including standard testing time. The primary exception to this policy is for individuals with documented disabilities who demonstrate that they need reasonable accommodations on the test.

8. Testing accommodations are available on the USMLE for examinees with a disability, as defined under the ADA, as amended by the ADA Amendments Act of 2008 ("ADA"). All requests for accommodations are individually reviewed and, when warranted (*i.e.*, when the examinee demonstrates that he or she is disabled within the meaning of the ADA and needs reasonable accommodations to access the examination), reasonable and appropriate accommodations are provided. Accommodations are denied when the submitted documentation fails to demonstrate that the examinee has a disability within the meaning of the ADA or that the requested accommodations are needed for access to the examination. NBME does so to ensure that its testing program is fair for all examinees, and to protect the comparability and validity of USMLE scores.

9. On occasion, NBME consults with independent professionals with expertise in the relevant disability to review requests and supporting documentation submitted by individuals

requesting accommodations, and asks these consulting experts to provide a written recommendation.

10. Justin Silverman requested testing accommodations on USMLE Step 1 in May 2015. Mr. Silverman subsequently withdrew this request. By e-mail dated June 23, 2015, Mr. Silverman informed NBME that he would not take Step 1 because he "had difficulty meeting all 2nd year academic requirements of [his] school."

11. Mr. Silverman subsequently submitted a request for accommodations for Step 1 in March 2016. However, his registration for the USMLE Step 1 was not completed until May 2016.

12. On June 2, 2016, NBME informed Mr. Silverman that his request for testing accommodations was missing age-based standard scores for the Woodcock-Johnson III Tests of Achievement administered by his evaluator Shantee Foster, Ph.D. NBME informed Mr. Silverman that it would continue its review of his accommodation request after receiving the documentation. The information was provided to NBME on June 7, 2016, and NBME resumed processing Mr. Silverman's request at that time. NBME provided Mr. Silverman's file to an external reviewer, Benjamin Lovett, Ph.D., for review and recommendation.

13. By e-mail dated August 4, 2016, Mr. Silverman requested that his Step 1 scheduling permit be issued while his request for testing accommodations was under review in order to "keep [his] options open." At his request, NBME released Mr. Silverman's scheduling permit for a standard time Step 1 examination with an eligibility period of August 1, 2016 through October 31, 2016. Mr. Silverman scheduled a standard time Step 1 examination appointment for August 13, 2016 at the Savannah, Georgia Prometric test center. He did not

take the examination on his scheduled test date or reschedule to a later date within the eligibility period.

14.  Following its review of Mr. Silverman's request, and based on Dr. Lovett's recommendations and my independent review of the file, NBME concluded that Mr. Silverman's documentation did not demonstrate a substantial limitation in a major life activity compared to most people or that his requested accommodations were an appropriate modification of his USMLE Step 1 test administration. NBME therefore denied Mr. Silverman's request for extra time testing accommodations. A true and correct copy of my August 30, 2016 letter to Mr. Silverman in response to his accommodation request is attached at Tab A.

15.  At the time NBME denied Mr. Silverman's request for testing accommodations, he was eligible to take the USMLE Step 1 through October 31, 2016. NBME offered to extend Mr. Silverman's eligibility period under his then-current scheduling permit until November 30, 2016. Mr. Silverman did not respond to the offer to have his eligibility period extended.

16.  NBME received a letter dated September 30, 2016 with attachments from Allan Holmes, an attorney for Mr. Silverman, on October 3, 2016. In this letter, Mr. Silverman's attorney requested that NBME reconsider its denial of extra time testing accommodations to Mr. Silverman.

17.  In response to the request for reconsideration made by Mr. Silverman's attorney, NBME provided Mr. Silverman's file to a second external reviewer, Steven Zecker, Ph.D., for review and recommendation. I also reviewed Mr. Silverman's entire file, including the additional argument and information provided by his attorney. Based on Dr. Zecker's recommendations and my independent review of the file, NBME concluded that there was no new substantive information or evidence that warranted a different decision than the original

decision as communicated in my August 30, 2016 letter to Mr. Silverman. NBME therefore informed Mr. Silverman by letter dated November 14, 2016, that he was not approved for extra time testing accommodations. A true and correct copy of my November 14, 2016 letter to Mr. Silverman is attached hereto at Tab B.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2016

_____
Catherine Farmer