# TAB B



National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

**Confidential**

November 14, 2016

11105497     5-304-197-6
denial- reconsideration -

**Via E-mail and USPS First Class**
Justin R. Silverman
45 Sycamore Ave, Apt 1315
Charleston, SC 29407

RE: USMLE Step 1                    USMLE ID#: 5-304-197-6

Dear Mr. Silverman:

This is in response to a letter from your attorney, Allan Holmes, received on October 3, 2016. In his letter, Mr. Holmes requests reconsideration of our decision regarding testing accommodations for Step 1. He writes, *"The NBME's decision is based largely on the assertion that Mr. Silverman was not substantially limited in his ability to take standardized tests, because he had scored well above average on the SAT and MCAT without accommodations...Testing requires reading, and his reading is substantially limited. The fact that Mr. Silverman may have adapted his reading habits to obtain above average grades and testing scores is a mitigating measure that may not be taken into consideration. Hence, accommodation must be provided."*

Included with your request for reconsideration was a copy of your high school transcript and a May 12, 2016 letter addressed to you from Sally Self, M.D., Associate Dean for Student Progress at Medical University of South Carolina.

NBME carefully considers all evidence in determining whether an individual is substantially limited within the meaning of the ADA, including information contained in the individual's personal statement; professional evaluation reports; letters from advocates; and objective documentation such as school records and scores obtained on standardized tests taken with and without accommodations. This information is helpful in determining what, if any, accommodations are appropriate on the USMLE.

The documentation submitted to date reveals intact cognitive and academic functioning. Accommodations are provided when there is clear documentation of functional impairment and a rationale to demonstrate that the requested accommodation is appropriate to the setting and circumstance. Our thorough review of all of your documentation found no new substantive information or evidence that alters our original decision communicated in my August 30, 2016 letter. Therefore, I must inform you that we are unable to provide you with the requested accommodations.

Sincerely,

Catherine Farmer, Psy.D.
Director, Disability Services
ADA Compliance Officer, Testing Programs

C: Allan Holmes, Esq.