IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **JUSTIN SILVERMAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2:16-cv-03686-RMG |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | ) |
| **Defendant.** | ) |

**NBME'S OPPOSITION TO PLAINTIFF'S MOTION
TO FILE EXHIBIT ONE OF COMPLAINT UNDER SEAL**

Plaintiff Justin Silverman has moved the Court for an order sealing Exhibit 1 to his complaint. *See* Pl.'s Mot & Mem. to File Ex. One of Complaint in Camera and Under Seal (Pl. Mot.), ECF No. 5. This exhibit contains numerous documents that Mr. Silverman relies on to support the allegations in his complaint and his pending motion for a preliminary injunction. Mr. Silverman's motion to seal is supported by no argument or explanation. *See* ECF No. 5. Moreover, much of the information that Mr. Silverman now seeks to seal can be found in his publicly-filed Complaint and in the memorandum he filed in support of his motion for preliminary injunction. *See* ECF No. 1, 6.

There is a strong presumption in favor of public access to judicial records. Mr. Silverman has failed to meet his burden of overcoming this presumption. Mr. Silverman has also failed to comply with this Court's rules for filing documents under seal. His motion to seal should therefore be denied.

# BACKGROUND

## I.   Nature of the Case

According to his Complaint, Mr. Silverman attends the Medical University of South Carolina and intends to become a physician. *See* Complaint (ECF No. 1) ¶ 5.

Defendant National Board of Medical Examiners ("NBME") is a non-profit organization that sponsors the United States Medical Licensing Examination ("USMLE"). Mr. Silverman seeks 50% extra testing time from NBME for Step 1 of the USMLE based on his diagnoses of a reading disorder and an attention deficit hyper-activity disorder ("ADHD"). *See id.* ¶¶ 8 and 11 and Ex. 3 at 1-2. NBME denied Mr. Silverman's request, based on its conclusion that Mr. Silverman had not demonstrated that he has a disability within the meaning of the Americans with Disabilities Act ("ADA"). *See id.* ¶ 16. Mr. Silverman filed this lawsuit on November 18, 2016, claiming that NBME's denial of accommodations was a violation of the ADA and seeking declaratory and injunctive relief.

## II.   Motion for Preliminary Injunction and Motion to Seal

On November 21, 2016, Mr. Silverman filed a motion for a preliminary injunction, seeking an order that would require NBME to allow him to test with his requested testing accommodations on the USMLE Step 1 examination prior to December 31, 2016. *See* ECF No. 6. Mr. Silverman submitted his own affidavit and three exhibits in support of this motion. *See* ECF No. 6. In his affidavit, he also relies upon, and attests to the accuracy and/or truthfulness of, the documents attached as Exhibit 1 to his complaint. *See* Aff. of J. Silverman, ECF No. 6-2 at ¶¶ 2-3. He relies on these materials in support of his motion for a preliminary injunction.

Mr. Silverman filed a motion to seal Exhibit 1 to the Complaint. See ECF No. 5. He claims that this motion is "supported by the Complaint and accompanying memorandum of law."

*Id.* However, his motion fails to identify any portion of the Complaint that supports the motion to seal. The Complaint twice mentions that Mr. Silverman has filed certain documents under seal, Complaint ¶¶ 14 n.2, 17 n.3, but nowhere provides support for sealing the records in Exhibit 1. Likewise, his "memorandum of law" contains no legal authority for the motion.

### III.    Mr. Silverman's Public Allegations

Mr. Silverman provides detailed allegations regarding his developmental and educational history in his public filings. His Complaint asserts that he has been diagnosed as having "a developmental reading disorder, (learning disorder) DSM/ICD (315.00), attention deficit hyper-activity disorder, combined type (ADHD) DSM/ICD (314.01), mathematics disorder DSM/ICD (315.10); Anxiety Disorder NOS (300.00)." *Id.* ¶ 8. Likewise, in his Memorandum in Support of Preliminary Injunctive Relief ("PI Br."), he again identifies these diagnoses and describes the difficulties he allegedly encountered in primary and secondary school, and during his undergraduate studies. *See* PI Br. at 2-3.

Mr. Silverman's public filings also delve into specific findings made in the psychological evaluations he seeks to file under seal. *See id.* at 3-5, 11. He states, for example, that his evaluators concluded that his "ability to read and comprehend" is "severely limited," *id.* at 4, that he is unable to process "information and the written word in the same manner as most people," *id.* at 4, that reading "even small segments of text" was "slow, painful, and laborious," *id.* at 4, that his ADHD "prevents [him] from concentrating," *id.* at 5, and that his claimed disabilities put his reading and processing skills "far below those of other 32 year old individuals" and his peers, *id.* at 11. Mr. Silverman further describes testing results that allegedly place him in the bottom two percent of his peers for reading comprehension, equating his reading abilities to those of a sixth-grader. *Id.* at 11.

## ARGUMENT

**I.     THERE IS A PRESUMPTION IN FAVOR OF PUBLIC ACCESS TO JUDICIAL RECORDS**

There is a presumptive right of public access to judicial records, derived from both common law and the First Amendment. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014); *In re Application of the United States (United States v. Appelbaum)*, 707 F.3d 283, 290 (4th Cir. 2013); *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988). "'Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case.'" *Virginia Dep't of State Police*, 386 F.3d at 575 (citation omitted). "Any step that withdraws an element of the judicial process from public view … requires rigorous justification." *Public Citizen*, 749 F.3d at 266 (quotation omitted).

The nature and extent of the right of public access depends on whether the right derives from the common law or from the First Amendment. The common law provides a "presumptive right of access extend[ing] to all judicial records and documents," and this presumption can be rebutted "only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Id.* at 265-66 (citations omitted). The First Amendment provides a right of access to particular judicial records and documents, and this right yields only if there is a competing and compelling, and narrowly tailored governmental interest. *Id.* at 266 (citation omitted).[1]

---

[1] Courts are instructed to determine whether common law or the First Amendment provides the right of access in any given case, "because 'only then can [they] accurately weigh the competing interests at stake.'" *Public Citizen*, 749 F.3d at 266 (quoting *Stone v. Univ. of Md. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). The Court may not need to reach the issue of which standard applies, however, as Mr. Silverman has failed to justify the sealing of his records under either the First Amendment or common law standards.

The party seeking to overcome the presumption of access has the burden of showing interests sufficient to outweigh the presumption, based on specific facts and reasons, and access "may be abrogated only in unusual circumstances." *Id.* at 266. A party's conclusory arguments in support of sealing judicial records do not suffice. *United States v. Parker*, No. 3:13-133-CMC, 2013 U.S. Dist. LEXIS 144621, at *4 (D.S.C. Oct. 7, 2013).

## II.  PLAINTIFF HAS FAILED TO SHOW THAT UNUSUAL CIRCUMSTANCES JUSTIFY SEALING MATERIALS HE HAS FILED IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION

As noted above, Mr. Silverman's supporting memorandum provides no factual or legal authority to support the motion. Further, Mr. Silverman's public filings undercut his position. He has already presented much of this information through his Complaint and preliminary injunction brief, neither of which has been filed under seal. These filings undercut any claim that a seal is necessary. *See U.S. v. Moussaoui,* 65 Fed. App'x 881, 889-90 (4th Cir. 2003) (unsealing document where the objecting party's filed brief made the content of the sealed documents apparent); *Hause v. AstraZeneca, LP*, Civ. No. 6:14-cv-4090, 2015 U.S. Dist. LEXIS 161745, at *5 (D.S.C. Sept. 11, 2015) (denying a motion to seal in part because the information had already been made publicly available); *Johnson v. Sullivan*, No. 08-3346, 2009 U.S. Dist. LEXIS 67398, at *6-7 (D.N.J. July 29, 2009) (denying motion to seal, and noting that "the medical records, which describe little more than the very injuries which Plaintiff alleges in the Complaint and the treatment he received therefore, do not disclose especially intimate information").

The materials Mr. Silverman seeks to seal go to the central issue in this case – whether Mr. Silverman is disabled within the meaning of the ADA, and therefore entitled to his requested testing accommodations. Because the Court will have to consider these documents in determining the merits of Mr. Silverman's claim of disability discrimination, the materials should be publicly available. His motion to seal Exhibit 1 should be denied.

## III. PLAINTIFF HAS FAILED TO FOLLOW THE PROPER PROCEDURE TO FILE DOCUMENTS UNDER SEAL

In addition to its substantive failure, Mr. Silverman's motion to seal also fails procedurally. This Court's rules require a party to file a Motion to Seal that is accompanied by two attachments and a memorandum that comports with Local Rule 7.04. Local Civ. Rule 5.03(A) DSC. The first attachment must include a non-confidential index of the documents sought to be filed under seal and a certification of compliance with Local Rule 5.03. Local Civ. Rule 5.03(B) DSC. The second attachment must include the documents sought to be filed under seal. Local Civ. Rule 5.03(C) DSC. Not only must the memorandum specifically identify the documents a party wishes to seal, but it also must state reasons why sealing is necessary, explain why less drastic alternatives are inadequate, and address the legal factors that control sealing decisions. Local Civ. Rule 5.03(A) DSC. Local Rule 7.04 further explains that the accompanying memorandum may only be omitted when the motion fully explains itself such that a memorandum would serve no purpose. Local Civ. Rule 7.04 DSC.

Mr. Silverman has not complied with these rules. While he has separately offered Exhibit 1 to the Court and to NBME, he has filed no index of the multiple documents contained in Exhibit 1, and no certification of compliance. More importantly, his motion lacks the necessary supporting memorandum. His motion states no reasons why sealing is necessary, and does not discuss the controlling legal principles. These deficiencies provide an additional basis for denying his request to seal Exhibit 1. *See* Local Civ. Rule 5.03 DSC; *Hause*, 2015 U.S. Dist. LEXIS 161745, at *4-5.

## **CONCLUSION**

For the foregoing reasons, Mr. Silverman's motion to seal should be denied.

Date:  December 8, 2016                           Respectfully submitted,


                                                  /s/ SUE ERWIN HARPER
                                                  Sue Erwin Harper
                                                  Fed. ID No. 737
                                                  **Nelson Mullins Riley & Scarborough LLP**
                                                  Liberty Center, Suite 600
                                                  151 Meeting Street
                                                  Charleston, SC 29401
                                                  Tel: 843.534.5200
                                                  Fax: 843.534.8700
                                                  corky.harper@nelsonmullins.com

                                                  Counsel for Defendant NBME

27746194.1                                - 7 -