

**User Name:** Rebecca Wolfe
**Date and Time:** Dec 15, 2016 11:57
**Job Number:** 40893842

## Document (1)

1. *Mears v. Atl. Southeast Airlines, Inc., 2014 U.S. Dist. LEXIS 142571*
    **Client/Matter:** -None-
    **Search Terms:** 2014 U.S. Dist. LEXIS 142571
    **Search Type:** Natural Language

⚠️ Caution
As of: December 15, 2016 11:57 AM EST

# *Mears v. Atl. Southeast Airlines, Inc.*

United States District Court for the Eastern District of North Carolina, Western Division

October 7, 2014, Decided; October 7, 2014, Filed

No. 5:12-CV-613-F

**Reporter**
2014 U.S. Dist. LEXIS 142571 *; 2014 WL 5018907

SUSAN MEARS, JAMES WIEMER, and KRISTINA THOMPSON as Guardian ad Litem Of Minors A.W., T.W., and B.W., Plaintiffs, v. ATLANTIC SOUTHEAST AIRLINES, INC., (ASA) (now d/b/a EXPRESSJET); EXPRESSJET AIRLINES, INC., as successor corporation to ASA; and DELTA AIR LINES, INC., Defendant.

## Core Terms

seal, documentation, settlement, settlement agreement, initials, parties', minors, confidential, common law right, full name, privacy, records, privacy interest, filings, Courts, medical information, injuries, financial information, governmental interest, minor plaintiff, emotional

**Counsel:** **[\*1]** For Susan Mears, Individually and as Parent and Natural Guardian of minors A.W., T.W. and B.W., James Wiemer, Individually and as Parent and Natural Guardian of minors A.W., T.W. and B.W., Plaintiffs: James Teague Crouse, LEAD ATTORNEY, Crouse Law Offices, Raleigh, NC; Michael W. Patrick, LEAD ATTORNEY, Law Office of Michael W. Patrick, Chapel Hill, NC.

For Kristina B. Thompson, Guardian Ad Litem, Plaintiff: Michael W. Patrick, LEAD ATTORNEY, Law Office of Michael W. Patrick, Chapel Hill, NC.

For Atlantic Southeast Airlines, Inc. (ASA), doing business as Express Jet, Express Jet Airlines, Inc. as successor corporation to ASA, Delta Air Lines, Inc., Defendants: Addie K.S. Ries, LEAD ATTORNEY, Michael W. Mitchell, Smith Anderson Blount Dorsett Mitchell & Jernigan, LLP, Raleigh, NC; Michael W. Mitchell, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC.

**Judges:** JAMES C. FOX, Senior United States District Judge.

**Opinion by:** JAMES C. FOX

## Opinion

ORDER

This matter is before the court on the parties' Joint Motion to Seal [DE-66]. The motion proposes to seal the "Proposed Sealed Settlement Agreement" [DE-64] and "Proposed Sealed Settlement Documentation" [DE-65][1] in connection with the parties' Renewed Consent **[\*2]** Motion for Court Approval of Settlement and Dismissal of Claims Against Defendants [DE-63]. Having reviewed the record, the court hereby ALLOWS the Joint Motion to Seal [DE-66]. The court makes the following findings of fact and conclusions of law in support of that conclusion:

**FINDINGS OF FACT**

1. This case arises out of Atlantic Southeast Airlines/Delta Air Lines Flight No. 4939, conducted on August 13, 2010. The Plaintiffs are a family of five, two adults and their three minor children, who were passengers on Flight No. 4939 and allege they were injured as a result of negligence during the flight's encounters with severe turbulence.

2. The Plaintiffs originally filed their Complaint in Wake County Superior Court with the full names of the minors listed alongside the names of their parents in the case caption. (The North Carolina Rules of Civil Procedure and Wake County Local Rules do not require use of

---

[1] These documents are described in more detail in Exhibit A to the parties' memorandum in support of their Joint Motion to Seal [DE-66], as required by ECF Policy Manual Section T(1)(a)1(I).

2:16-cv-03686-DCN    Date Filed 12/15/16    Entry Number 21-7    Page 3 of 6

Page 2 of 5
2014 U.S. Dist. LEXIS 142571, *2

initials for minors but correspondingly do not require filing of minor settlement agreements or supporting [*3] documentation.)

3. The Defendants removed the case to the United States District Court for the Eastern District of North Carolina and revised the case caption using only the minors' initials as required by *Fed. R. Civ. P. 5.2*. When filing their notice of removal, the Defendants filed the required copy of the Plaintiffs' state court complaint, which contains the full names of the minors, under seal in order to comply with *Fed. R. Civ. P. 5.2*. *See* Notice of Removal [DE-l] (Exhibit A to the Complaint).

4. The parties have used only the minors' initials in all subsequent filings, except one filing that was sealed by the court. Namely, Dr. Heiko, a treating provider for minor Plaintiff T. W., sent a letter and a CD containing copies of T. W.'s patient records to the court, and both Dr. Heiko's letter and the CD were placed under seal by the court *sua sponte*. *See* December 19, 2013 Order [DE-55].

5. Despite using only the initials of the minor Plaintiffs, the parties' filings do not adequately protect the identity of the minors because the minors' initials are listed following the full names of their parents. In addition, the Plaintiffs' state court complaint continues to exist as a matter of public record and identifies the minors [*4] by their full names.

6. In light of the extremely sensitive and private nature of the minors' alleged emotional injuries, the minors' parents and Guardian Ad Litem feel very strongly that the amount of payments set forth in the settlement agreement (which imply the severity and duration, or lack thereof, of the minors' alleged emotional injuries in comparison to one another and the adult Plaintiffs), as well as the supporting settlement documentation regarding their medical expenses, diagnoses, and prognoses required by Local Rule 17.1 (b), should be kept strictly confidential.

## CONCLUSIONS OF LAW

### A. Standards of Review for Motions to Seal

1. When considering a motion to seal, district courts must give the public notice of the request to seal and a reasonable opportunity to challenge the request. *See In re Knight Publ'g, 743 F.2d 231, 235 (4th Cir. 1984)*. The filing of a litigant's motion to seal, such as the parties' Joint Motion to Seal [DE-66], is sufficient to provide public notice and opportunity to challenge the request to seal. *See id*.

2. The court must also consider less drastic alternatives to sealing, if any. *See id*.

3. Finally, the court must identify whether the *First Amendment* or common law rights of access apply and, if so, whether applicable counterbalancing privacy [*5] interests may overcome such public rights of access. *See id*.

### B. The Minors' Privacy Interests Overcome the Common Law Right of Access.

1. Under the common law right of access, there is a presumptive right for the public to inspect and copy all "judicial records." *See Stone v. Univ. of Md., 855 F.2d 178, 180 (4th Cir. 1988)*. Courts have held that documents reviewed in connection with a motion for court approval of a settlement constitute "judicial records" and are subject to the common law right of access. *See White v. Bonner, No. 4:10-CV-105-F, 2010 U.S. Dist. LEXIS 118038, 2010 WL 4625770, at \*1 (E.D.N.C. Nov. 4, 2010)* (applying the common law right of access to the parties' motion to seal their settlement agreement in a wrongful death action).

2. The common law right of access can be overcome if the parties' privacy interests outweigh the public interest in access. *See Stone, 855 F.2d at 180*.

3. Here, the parties' settlement agreement contains dollar amounts of settlement funds allotted to each Plaintiff, including the minor Plaintiffs. The dollar amount of each minor's settlement implies the relative severity and expected duration of each minor's emotional and mental injuries (or lack thereof) in comparison to the other family members, and therefore may expose the minors to potential public ridicule and embarrassment in the community and [*6] could later make it more difficult for them to obtain employment.

4. Likewise, the settlement documentation includes a declaration from the Guardian Ad Litem describing each minor's medical expenses, diagnoses, and prognoses and attaches deposition excerpts, patient records, and medical bills from the minors' treating providers as required by Local Rule 17.1 (b)(4). These documents are replete with confidential details of the minors' alleged injuries and the treatment they received, as well as their respective pre-existing conditions.

5. The information contained in the parties' settlement agreement and settlement documentation is highly

sensitive medical information that the minors, their parents, and the Guardian Ad Litem have a strong interest in protecting from public disclosure, particularly in light of the emotion nature of many of the alleged injuries.

6. The public, on the other hand, has no interest in accessing the minor Plaintiffs' confidential financial and medical information in this purely private dispute that has no relation to the public in general or other members of the public in particular. The Defendants have represented that the Plaintiffs were the only passengers who filed any claims **[*7]** regarding the August 2010 flight at issue in this case.

7. Courts have repeatedly held that minors' privacy interests in medical and financial information, such as that reflected in the settlement agreement and settlement documentation, overcome the common law right of access in granting motions to seal. *See, e.g., Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1136 (10th Cir. 2011)* (sealing exhibits because "[n]early every document in the volume at issue includes the name of, and/or personal and private medical information relating to, Mr. S.'s minor son"); *Webster Groves Sch. Dist. V. Pulitzer Publ'g Co., 898 F.2d 1371, 1375 (8th Cir. 1990)* (holding that minor's privacy rights justified closing all proceedings and sealing all records); *Wittenberg v. Winston-Salem/Forsyth Cnty. Bd. of Educ., No. 1:05cv00919, 2009 U.S. Dist. LEXIS 51774, 2009 WL 1684585, at *2-3 (M.D.N.C. June 16, 2009)* (granting a motion to seal a minor settlement agreement in order to protect the minor's privacy).

8. Accordingly, the parties' Joint Motion to Seal [DE-66] should be granted because the minors' privacy interests in this case also overcome the common law right of access.

**C. The Compelling Governmental Interest in Protecting the Minors' Privacy Outweighs Any *First Amendment* Right of Access**.

1. The purpose of the *First Amendment* right of access is to allow for public oversight of the judicial process. See *Press-Enter. Co. v. Superior Court of Ca. for Riverside Cnty., 478 U.S. 1, 8, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986)*. The *First Amendment* right of access only attaches if(I) "the place and process **[*8]** have historically been open to the press and general public" and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Id.*

2. Courts have applied the *First Amendment* right of access to settlement agreements that are reviewed in connection with motions for court approval of minor settlements. *See, e.g., Bonner, 2010 U.S. Dist. LEXIS 118038, 2010 WL 4625770 at *1*.

3. The *First Amendment* right of access may be denied if there is a compelling government interest and the denial is narrowly tailored to serve that interest. *See Stone, 855 F.2d at 180*.

4. In considering whether there is a compelling governmental interest to overcome the *First Amendment* right of access, courts should consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g, 743 F.2d at 235*.

5. Applying these standards to the facts at hand, the court finds that no public interest is served and no public oversight furthered by publicly disclosing the private details of the settlement agreement and documentation. Instead, the minor Plaintiffs could be **[*9]** exposed to public shaming and unfair disadvantage.

6. Courts have held that compelling governmental interests require the sealing of documents relating to minors in general and the sealing of sensitive medical information in particular. *See, e.g., Webster Groves Sch. Dist., 898 F.2d at 1375* (finding that a minor's privacy rights justified closing all proceedings and sealing all records); *Bell v. Shinseki, No. 1:12CV57, 2013 U.S. Dist. LEXIS 86896, 2013 WL 3157569, at *9-10 (M.D.N.C. June 20, 2013)* (granting non-minor's motion to seal exhibits containing sensitive medical information); *Wittenberg, 2009 U.S. Dist. LEXIS 51774, 2009 WL 1684585 at *2-3* (finding that a settlement agreement should be sealed to protect the privacy of information relating to a minor's medical and educational disabilities); *M.P. v. Schwartz, 853 F. Supp. 164, 168 (D. Md. 1994)* (sealing minors' complaint where there was a compelling government interest in protecting the confidentiality of the minors' identity).

7. Furthermore, *Rule 5.2 of the Federal Rules of Civil Procedure* and Local Rule 17.1 (c) exist for the specific purpose of protecting the privacy of litigants, particularly minor litigants, in publicly-filed court documents. *See also* E-Government Act of 2002, *Pub. L. No. 107-347, § 205(c)(3), 116 Stat. 2899, 2914-15* (exempting from

2014 U.S. Dist. LEXIS 142571, *9

public disclosure those documents implicating sufficient privacy concerns). The commentary to *Rule 5.2* notes that information that must be disclosed under the rule (e.g., a minor's initials) can still be protected under certain circumstances. **[\*10]**

8. Accordingly, this court finds that compelling governmental and privacy interests justify maintaining the confidentiality of the minor Plaintiffs' medical and financial information contained in the settlement agreement and settlement documentation.

9. Therefore, the parties' Joint Motion to Seal [DE-66] should be granted because the compelling governmental and privacy interests in this case overcome the *First Amendment* right of access.

**D. Sealing Is Narrowly Tailored and Necessary to Protect the Minor Plaintiffs' Privacy**.

1. The parties' Joint Motion to Seal [DE-66] is narrowly tailored to apply only to the settlement agreement and settlement documentation, which contain highly sensitive medical and financial information relating to the minors in this case.

2. Because the minors' parents are also plaintiffs—and both parents' full names appear in the case caption alongside the minors' initials—use of the minors' initials in the settlement agreement and settlement documentation does not provide any practical protection for the minors' identity and confidential information. *See, e.g., Schwartz, 853 F. Supp. at 168* (finding that "naming the parent or parents of the child would still inevitably lead to identification of the child" in **[\*11]** considering a motion to unseal documents related to a minor).

3. Indeed, if this Joint Motion to Seal [DE-66] were not granted, and the settlement agreement and settlement documentation were filed using the minors' initials, anyone with knowledge of the names of the minors' parents would be able to locate this action in a search of court filings and accurately determine each minor's confidential medical information based on his or her initials. In addition, any person could consult the Plaintiffs' publicly-filed state complaint to confirm the minors' full names. For these reasons, use of the minors' initials would not provide any realistic protection for their confidential information.

4. Instead of using a minor's initials, some courts have used redacted or fictitious names for minor plaintiffs, particularly in cases of alleged mental or emotional injuries. *See, e.g., Doe v. Ind. Black Expo, Inc., 923 F. Supp. 137, 139 (1996)* (("[I]f litigation involves facts about a child's medical condition or disability, such as cases under the Individuals with Disabilities Education Act, *20 U.S.C. § 1400 et seq.* use of fictitious names or initials may be permitted.")

5. However, such use of fictitious or redacted names is only effective when implemented at the beginning of a lawsuit, **[\*12]** before the minors' true names or initials are used in electronically-filed pleadings that could be printed, electronically retained, or reproduced by any interested individual, legal service, or archival internet set. *See Shinseki, 2013 U.S. Dist. LEXIS 86896, 2013 WL 3157569 at \*9* (finding that "redacting the confidential portions of the documents would be ineffective because the relevant nonconfidential material has already been included in the parties' briefs, which were not filed under seal, and this opinion").

6. At present the docket in this case includes more than sixty-two filings that state the minors' initials and the parents' full names. Redaction of all these filings would present an impractical task that still would not adequately protect the minors because copies or replications of the original filings may already exist and because the Plaintiffs' state court complaint (containing the full names of the minors) continues to exist as a matter of public record. Even without access to the original filings or the state court complaint, contextual clues regarding age, gender, and other identifying characteristics in the settlement agreement and settlement documentation would likely allow anyone with knowledge of the family to correctly **[\*13]** associate each minor with his or her confidential medical and financial information.

7. Under these circumstances, sealing is necessary in order to provide protection for the minors' identities and their highly sensitive medical and financial information.

Therefore, it is hereby ORDERED that the Joint Motion to Seal [DE-66] is ALLOWED. The Clerk of Court is DIRECTED to maintain under seal the Proposed Settlement Agreement [DE-64] and the Proposed Sealed Settlement Documentation [DE-65].

SO ORDERED.

This the 7th day of October, 2014.

/s/James C. Fox

JAMES C. FOX

2014 U.S. Dist. LEXIS 142571, *13

Senior United States District Judge

**End of Document**