

**User Name:** Rebecca Wolfe
**Date and Time:** Dec 15, 2016 11:54
**Job Number:** 40893575

## Document (1)

1. *Wright v. Darby, 2016 U.S. Dist. LEXIS 138291*
    **Client/Matter:** -None-
    **Search Terms:** 2016 U.S. Dist. LEXIS 138291
    **Search Type:** Natural Language

| About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2016 LexisNexis
Rebecca Wolfe

No *Shepard's* Signal™
As of: December 15, 2016 11:54 AM EST

## *Wright v. Darby*

United States District Court for the District of South Carolina, Florence Division

October 5, 2016, Decided; October 5, 2016, Filed

C/A No. 4:16-218-TLW-TER

**Reporter**
2016 U.S. Dist. LEXIS 138291 *

Anthony Lamar Wright, #286740, formerly #250258, a/k/a Anthony L. Wright, Plaintiff, vs. Dr Darby, in his individual capacity, Dr. Randolph, in her individual capacity, Dr. Grant, in his individual capacity, Sheriff Strickland, in his individual capacity, Sheriff Koon, in his individual capacity, Sheriff Leon Lott, in his individual capacity, Correct Care Solutions, Southern Health Partners, Sgt. Holley, Dr. Chaves, in his individual capacity, Charleston County Detention Center, Sheriff Al Cannon, Nurse Herndon, in her individual capacity, Defendants.

## Core Terms

sealing, documents, medical records, in camera, confidential, Electronic, redacted, parties

**Counsel:** [*1] Anthony Lamar Wright, also known as Anthony L Wright, formerly #250258, Plaintiff, Pro se, Columbia, SC.

For Dr. Darby, in his individual capacity, Dr. Randolph, in her individual capacity, Correct Care Solutions, Dr. Chaves, in his individual capacity, Defendants: John Earle Tyler, Mark V Gende, LEAD ATTORNEYS, Sweeny Wingate and Barrow, Columbia, SC.

For Sheriff Strickland, in his individual capacity, Defendant: Otto Edworth Liipfert, III, LEAD ATTORNEY, Griffith Sharp and Liipfert, Beaufort, SC.

For Sheriff Koon, in his individual capacity, Sgt Holley, Defendants: Michael Stephen Pauley, LEAD ATTORNEY, The Pauley Law Firm, Lexington, SC; Steven James Luckie, LEAD ATTORNEY, Pauley Law Firm, Lexington, SC.

For Sheriff Leon Lott, in his individual capacity, Defendant: Robert David Garfield, LEAD ATTORNEY, Davidson Morrison and Lindemann, Columbia, SC.

For Southern Health Partners, Nurse Herndon, in her individual capacity, Defendants: Amy Harmon Geddes, James G Long, III, LEAD ATTORNEYS, Nexsen Pruet Jacobs and Pollard, Columbia, SC.

For Sheriff Al Cannon, Defendant: Eugene Patrick Corrigan, III, LEAD ATTORNEY, Corrigan and Chandler, Charleston, SC.

**Judges:** Thomas E. Rogers, III, United States Magistrate [*2] Judge.

**Opinion by:** Thomas E. Rogers, III

## Opinion

ORDER

Presently before the court is Defendant Strickland's motion to seal the Plaintiff's medical records to protect his confidential medical information as listed in the motion and to prevent violation of the Health Insurance Portability and Accountability Act ("HIPAA") if made publicly available. Defendant Strickland forwarded the documents at issue to the Court for an in camera review pursuant to Local Rule 5.03, D.S.C. In addition, Defendant has filed supporting memoranda (1) identifying, with specificity, the documents or portions thereof for which sealing is requested; (2) stating the reasons why sealing is necessary; (3) explaining (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) addressing the factors governing sealing of documents reflected in controlling case law. E.g., *Ashcraft v. Conoco, Inc., 218 F.3d 288 (4th Cir. 2000)*.

Attorneys and parties shall exercise caution and shall consider redaction or consider filing a motion to seal if "medical records, treatment records, or diagnosis"

documents are referenced in a document to be filed pursuant to Rule 13.4.3 of the Electronic Case Filing Policies and Procedures for the District of South Carolina. **[*3]** A document containing this information shall be filed electronically in a redacted version with all the protected information removed or be presented for "in camera" review with a motion to seal. In this case, sealing of the documents is necessary to protect such confidential information and allow it to not become disseminated to the general public. Public notice has been satisfied through docketing of the parties' Motions to Seal. See Local Civil Rule 5.03(D), D.S.C. Therefore, Defendant Strickland's Motion to Seal (Document #102) is **GRANTED**. The Clerk's office is directed to file the documents at issue under seal.

IT IS SO ORDERED.

/s/ Thomas E. Rogers, III

Thomas E. Rogers, III

United States Magistrate Judge

October 5, 2016

Florence, South Carolina

**End of Document**