IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| JUSTIN SILVERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-3686-RMG |
| ) | |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's Complaint. NBME denies that it violated the Americans with Disabilities Act ("ADA") with respect to Plaintiff's request for testing accommodations on Step 1 of the United States Medical Licensing Examination ("USMLE"), and responds to the specific allegations in the Complaint as follows:

1. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. NBME admits the allegations in the first two sentences of paragraph 2. NBME denies the allegations in the third sentence of paragraph 2.

3. NBME admits the allegations in the first sentence of paragraph 3, and states that the USMLE is an examination relied upon by jurisdictions across the country as part of their licensure process for ensuring the qualifications of prospective physicians. NBME denies the allegations in the second sentence of paragraph 3, insofar as USMLE exams are administered in

27834364.1

Prometric test centers. NBME admits that it is subject to the provisions of the ADA found at 42 U.S.C. § 12189 and the implementing regulations found at 28 C.F.R. § 36.309 with respect to administration of the USMLE.

4. NBME admits the allegations in paragraph 4.

5. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. NBME admits that it received documentation from Plaintiff indicating that he was diagnosed in 2006 with ADHD, Combined Type (314.01), Reading Disorder (315.00), Mathematics Disorder (315.10), and Anxiety Disorder NOS (300.00); and, in 2012, Attention Deficit-Hyperactivity Disorder, Combined (314.01), and Reading Disorder (315.00). NBME denies that the documentation demonstrates that Plaintiff meets the diagnostic criteria for any of these conditions and denies the remaining allegations in paragraph 8.

9. The allegations in paragraph 9 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that 42 U.S.C. § 12189 and 28 C.F.R. § 36.309 apply to entities that offer certain types of examinations, including examinations used for licensure purposes. NBME further states that the content of the statute and regulation speaks for itself.

10. The allegations in paragraph 10 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that 28 C.F.R. § 36.309 applies to

entities that offer certain types of examinations and states that the regulatory provisions cited and paraphrased in paragraph 10 speak for themselves.

11. NBME denies the allegations in paragraph 11.

12. NBME denies the allegations in the first sentence of paragraph 12. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 12 and therefore denies them.

13. NBME admits that Plaintiff submitted certain documentation in support of his request for testing accommodations on the USMLE Step 1 examination. NBME denies that Plaintiff sought "reasonable" accommodations and denies that Plaintiff's documentation demonstrated that he has any disability within the meaning of the ADA or that he needs accommodations in order to access the Step 1 exam.

> a) NBME admits that Plaintiff submitted a written neuropsychological examination report based on testing reportedly conducted on 12/26/2005 and 1/13/2006. NBME denies the remaining allegations in Paragraph 13(a);
> 
> b) NBME admits that Plaintiff submitted a testing report signed by Shantee Foster, Ph.D. and Alice Q. Libet, Ph.D. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13(b) and therefore denies them;
> 
> c) NBME denies that it received a "certification of prior test accommodations from MUSC" apart from the letter referenced in Paragraph 13(e) of the Complaint. NBME admits the remaining allegations in Paragraph 13(c);

    d) NBME denies that Plaintiff's personal statement demonstrated a "disability" within the meaning of the ADA. NBME admits the remaining allegations in paragraph 13(d);

    e) NBME admits that it received a letter dated May 19, 2015, signed by John R. Freedy, MD, Ph.D., but denies Plaintiff's characterization of this letter, the content of which speaks for itself.

14. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14, including those in the first two sentences of footnote 2, and therefore denies them. NBME denies the remaining allegations in paragraph 14 and denies the third sentence in footnote 2 insofar as the referenced Exhibit was not provided to Defendant when Defendant was served.

15. NBME denies the allegations in paragraph 15.

16. NBME denies that there was an "inexplicable delay" in processing Plaintiff's application for testing accommodations. NBME admits that counsel for Plaintiff telephoned the office of the NBME general counsel on August 29, 2016, regarding the status of Plaintiff's application for accommodations. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 16 and therefore denies them. NBME admits that it informed Plaintiff that his request for accommodations had been denied, by letter dated August 30, 2016. NBME admits the allegations in the third sentence of paragraph 16.

17. NBME denies the allegations in the first sentence of paragraph 17, including those in footnote 3. NBME admits that it received a September 30, 2016, letter from Allan Holmes, who purported to be acting as counsel for Plaintiff, seeking reconsideration of NBME's

decision. NBME denies Plaintiff's characterization of the content of this letter, and denies that Plaintiff documented "irreparable injury." To the extent that Plaintiff purports to incorporate this letter, in its entirety, in his Complaint, NBME denies the argument advanced in the letter. NBME admits that the September 30, 2016, letter attached a high school grade transcript for Plaintiff, and states that no other "pre-college school records" were included with this letter. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of paragraph 17 and therefore denies them.

18.     NBME admits that it received a letter dated November 11, 2016, from Allan Holmes, the content of which speaks for itself, and denies that Plaintiff faced "irreparable injury." To the extent that Plaintiff purports to incorporate this letter, in its entirety, into his Complaint, NBME denies the argument advanced in the letter. NBME admits the allegations in the third sentence of paragraph 18.

19.     NBME admits that it informed Plaintiff by letter dated November 14, 2016, that its decision to deny his requested testing accommodations remained in effect, and that this letter was sent to Plaintiff by e-mail and first class mail. NBME denies the allegations in the second sentence of paragraph 19. NBME admits the allegations in the third sentence of paragraph 19.

20.     NBME notes that there are two sequential paragraphs numbered paragraph "20" in the Complaint. With respect to the first paragraph 20, the allegations in the first sentence are too vague for NBME to admit or deny and are therefore denied on that basis. NBME further states that it provided Plaintiff with decision letters explaining the basis for its denial of his accommodation request. NBME denies the remaining allegations in the first paragraph 20.

20.     With respect to the second paragraph 20 in the Complaint, NBME admits that it entered into a settlement agreement with the United States Department of Justice, a copy of

which is attached as Exhibit 6 to the complaint, and the content of which speaks for itself. NBME denies the remaining allegations in the second paragraph 20.

21.    NBME denies the allegations in paragraph 21.

22.    NBME denies the allegations in paragraph 22.

FIRST CAUSE OF ACTION

23.    NBME restates and incorporates by reference the paragraphs above.

24.    The allegations in paragraph 24 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, but only to the extent that Plaintiff's claims are not moot or do not become moot. NBME further states that it is not contesting venue in this district.

25.    NBME denies the allegations in paragraph 25.

26.    The allegations in paragraph 26 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that the statutory provision cited by Plaintiff includes the right to recover attorneys' fees, costs, or expenses, and denies that Plaintiff is entitled to recover any attorneys' fees, costs, or expenses in this action.

The remaining allegations in the Complaint constitute a prayer for relief for which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.

**DEFENSES**

1.    This Court lacks personal jurisdiction over NBME.

2.    The Complaint fails to state a cause of action against NBME.

3.    Plaintiff's claim is moot.

4.  Plaintiff has not sustained irreparable injury and will not suffer irreparable injury in the absence of injunctive relief.

5.  NBME presently has insufficient knowledge or information on which to firm a belief as to whether it may have additional defenses available.  NBME reserves the right to assert additional defenses in the event discovery or further analysis indicates that additional unknown or unstated defenses are applicable.

WHEREFORE, NBME prays for judgment as follows:

1.  That Plaintiff take nothing and be denied all relief requested in his Complaint;

2.  That Plaintiff's Complaint be dismissed with prejudice;

3.  That NBME recover its costs herein; and

4.  That NBME be awarded such other and further relief as the Court deems just and proper.

Dated:   January 5, 2017                                  Respectfully submitted,

/s/ SUE ERWIN HARPER
Sue Erwin Harper
Fed. ID No. 737
**Nelson Mullins Riley & Scarborough LLP**
Liberty Center, Suite 600
151 Meeting Street
Charleston, SC 29401
Tel: 843.534.5200
Fax: 843.534.8700
corky.harper@nelsonmullins.com

Counsel for Defendant NBME