IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **JUSTIN SILVERMAN,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) **Case No. 2:16-cv-3686-DCN** |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | ) ) ) |
| **Defendant.** | ) ) ) |

## STATUS REPORT AND SUGGESTION OF MOOTNESS

In response to the Court's recent inquiry regarding the status of this case, defendant National Board of Medical Examiners ("NBME") provides the following status report. NBME respectfully submits that the events described in this report moot the Plaintiffs' claims and warrant dismissal of his complaint.

## INTRODUCTION

Plaintiff Justin Silverman filed this lawsuit in November 2016, claiming to be entitled to extra testing time and other accommodations on Step 1 of the United States Medical Licensing Examination ("USMLE") under the Americans with Disabilities Act ("ADA") because he had been diagnosed with a reading disorder and attention deficit hyper-activity disorder ("ADHD"). (ECF No. 6-1, at 4-5). At the time, he was attending the Medical University of South Carolina (MUSC) and needed to pass Step 1 in order to continue his medical school education. He received extra testing time in medical school and wanted extra time on the USMLE.

27740597.1

NBME denied Mr. Silverman's request for accommodations because Mr. Silverman had not demonstrated that he is substantially limited in any major life activities as compared to most people in the general population, and thus had not shown that he is disabled within the meaning of the ADA. Reading disorders and ADHD are lifelong impairments with childhood onset. Mr. Silverman, however, presented no objective evidence that he struggled with reading or learning during his formative years,[1] and there was no credible objective evidence that he has any current functional impairments. To the contrary, although he claimed that his diagnosed disorders limited his ability to take the Step 1 examination under standard time conditions, he has taken other highly competitive, timed, standardized tests without any accommodations and achieved extremely high scores.[2]

Mr. Silverman sought a preliminary injunction from the Court that would have required NBME to allow him to take Step 1 with his requested accommodations, including additional testing time. According to Mr. Silverman, he was "nearly certain to be dismissed from [MUSC] if he [was] not granted the preliminary relief that would allow him to complete the USMLE Step 1 by December 31, 2016," and would likely "never be permitted thereafter to obtain his medical degree from any other institution." Pl. Br. 15-16 (ECF No. 6-1). Following briefing and argument by the parties, the Court denied the preliminary injunction in a Text Order entered on December 22, 2016. (ECF No. 26).

---

[1] Mr. Silverman attended a public high school near Boston. *See* Personal Statement at 1 (Complaint Ex. 1 at 2). He was an A/B student and took numerous Honors and Advanced Placement classes. *See* High School Transcript (Complaint Ex. 3 at 10). He did not receive formal accommodations in any classes but claimed to have received informal accommodations. Personal Statement at 1 (Complaint Ex. 1 at 2).

[2] Mr. Silverman scored in the 97th percentile on the SAT college admission exam with no accommodations. Pl. Br. 3. He achieved a total score of 35 on the Medical College Admission Test ("MCAT"), with no accommodations, which put him at the 96th percentile. *See* MCAT Exam Score Report (Complaint Ex. 1 at 26). This means he scored in the top 4% of all MCAT examinees, without extra testing time.

### EVENTS SUBSEQUENT TO THE DENIAL OF MR. SILVERMAN'S MOTION FOR A PRELIMINARY INJUNCTION

Mr. Silverman took the Step 1 exam on January 20, 2017, with no accommodations. He achieved a passing score and, as a result, continued his medical education. On November 27, 2018, he took the USMLE Step 2 Clinical Knowledge ("Step 2 CK") exam, again with no accommodations, and again achieved a passing score. On January 1, 2019, he took the Step 2 Clinical Skills ("Step 2 CS") exam, with no accommodations. Step 2 CS is a pass/fail exam, and he achieved a passing score.

Mr. Silverman obtained a residency position in 2019 through the National Resident Matching Program and is now a first-year resident in surgery at MUSC. *See* Ex. A hereto.

### SUGGESTION OF MOOTNESS

"The Constitution limits this Court's jurisdiction to the adjudication of actual cases and controversies," and this limitation "extends throughout the pendency of the action." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003) (citations omitted). Accordingly, if a plaintiff no longer needs injunctive relief because of events that occur after a complaint is filed, there is no longer a case or controversy sufficient to sustain a court's jurisdiction. *Id.* at 364 (holding that "claims for declaratory and injunctive relief [were] moot because [plaintiffs had] graduated from VMI").

Mr. Silverman's sole claim in this lawsuit relates to the Step 1 exam and arises under Title III of the ADA. *See* Complaint at 7-8. The only relief available under Title III of the ADA is prospective injunctive relief. *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85-86 (2d Cir. 2004); *Callum v. CVS Health Corp.,* 137 F.Supp.2d 817, 839 (D.S.C. 2015).

Even if he had a viable ADA claim (and he does not), Mr. Silverman no longer needs or has any basis for requesting injunctive relief relating to his request for accommodations on the Step 1 exam. He has passed Step 1 and cannot retake that exam even if he were inclined to do so, because candidates cannot retake a Step exam that they have already passed (with limited exceptions not applicable here). *See* www.usmle.org/bulletin/eligibility/#Retakes.

These facts compel dismissal of Mr. Silverman's complaint. The parties no longer have a live controversy with respect to whether he is entitled to accommodations on the Step 1 exam. His claim is moot because he passed Step 1, and the Court no longer has subject matter jurisdiction. *See Barr v. Nat'l Conf. of Bar Exam'rs*, 1999 WL 3175471999, *3 (10th Cir. 1999) ("As a matter of law, Barr's claims for injunctive and declaratory relief were moot once he passed the MPRE, the exam for which he requested the injunctive and declaratory relief. It would be absurd for a court to order NCBE to grant Barr's accommodation request for the MPRE once he passed the exam."); *Christian v. N.Y. Bd. of Law Exam'rs*, 899 F. Supp. 1254, 1255 (S.D.N.Y. 1995) ("Plaintiff succeeded on the [bar] examination and therefore I conclude that as a matter of law there is no longer any case or controversy remaining. While one might not—or need not—go so far as to say that plaintiff's passing the exam demonstrated that the Board was correct in its assessment of the severity of her disabilities, it is certainly so that one could not, hereafter, permit a finding by a trier of the fact that the Board was wrong....") (dismissing ADA claims).

- 5 -

## **CONCLUSION**

Mr. Silverman's complaint should be dismissed for lack of subject matter jurisdiction, because his claim is now moot.

Dated: February 24, 2020                    Respectfully submitted,


/s/ SUE ERWIN HARPER
Sue Erwin Harper
Fed. ID No. 737
**Nelson Mullins Riley & Scarborough LLP**
Liberty Center, Suite 600
151 Meeting Street
Charleston, SC 29401
Tel: 843.534.5200
Fax: 843.534.8700
corky.harper@nelsonmullins.com

Counsel for Defendant NBME